UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                      Petitioner,

        -against-

WARDEN MILLS,

                      Respondent.

21-CV-3690 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently detained in the George R. Vierno Center, is proceeding *pro se* and *in forma pauperis*.[1] Petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his ongoing criminal proceedings in the Supreme Court of the State of New York, New York County. By order dated May 17, 2021, the Court notified Petitioner that a challenge to his ongoing criminal proceedings was not proper in a petition under section 2254 and granted him an opportunity (1) to file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, and (2) to show that his grounds for relief were fully exhausted.

      On May 24, 2021, Petitioner filed an amended petition for a writ of *habeas corpus* under section 2254.[2] On June 25, 2021, the Court received Petitioner's amended petition for a writ of *habeas corpus* under section 2241 labeled with the docket number for this action. The Court deems Petitioner's amended section 2241 petition as the operative petition. For the reasons set

---

[1] On April 27, 2021, the Court granted Petitioner's request to proceed *in forma pauperis*.

[2] The Clerk of Court initially treated the amended section 2254 petition as a new action and opened it under docket number 21-CV-4996. Petitioner wrote to the Court to indicate that he intended to file the amended petition in this action. The Court then administratively closed the action under docket number 21-CV-4996 and filed the amended section 2254 petition here. Petitioner may have filed the amended section 2254 petition before receiving the Court's May 17, 2021 order.

forth below, the petition for a writ of *habeas corpus* under section 2241 is dismissed without prejudice.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Nigel Fredricks[3] brings this amended petition for a writ of *habeas corpus* under section 2241. He alleges that he is a pretrial detainee with criminal proceedings pending in the Supreme Court of the State of New York, New York County. (ECF 14 at 2.)

According to public records of the New York State Unified Court System, Petitioner has been charged under case number 03946-2019, with assault while in a correctional facility, N.Y.

---

[3] Petitioner has used both the name Fredricks and the name Fredericks. He is currently in the custody of the New York City Department of Correction under the name Fredricks.

Penal Law § 120.05.07; assault in the second degree with intent to cause injury to an officer, N.Y. Penal Law § 120.05.03; and strangulation in the second degree, N.Y. Penal Law § 121.12. Petitioner's next court appearance on those charges is scheduled for September 8, 2021.

Petitioner states that he brought an *ex parte* motion in the trial court to dismiss his criminal proceedings on the grounds of "lack of personal jurisdiction." (ECF 14 at 2.) He asserts that, on September 14, 2020, Judge Mennin admitted her "lack of personal jurisdiction over this case." (*Id.* at 8.) Petitioner was unable to obtain the transcript of the September 14, 2020 hearing, however, and on April 8, 2021, Judge Mennin denied his motion to dismiss the criminal charges against him.[4] By this petition, he seeks to prevent Judge Mennin from "stepping over her boundar[ies]" and "proceeding [with the state court] case without . . . jurisdiction." (*Id.*)

## DISCUSSION

A petition for a writ of *habeas corpus* under section 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). Here, Petitioner challenges his detention on pending criminal charges in *People v. Fredricks*, 03946-2019, a case in which, as yet, no judgment has been rendered. By order dated May 17, 2021, the Court notified Petitioner that a challenge to his pretrial detention was not proper in a petition under

---

[4] In *Fredericks v. Doe*, ECF 1:20-CV-11043, 1 (S.D.N.Y.), Petitioner alleged that, while he was incarcerated in the Manhattan Detention Center, he "caught a new charge" for assaulting a correction officer. He appeared before Judge Mennin in Manhattan Criminal Court, and bail was set at $300,000. Petitioner asserted in *Fredericks v Doe* that Judge Mennin lacked jurisdiction over his case. By order dated January 29, 2021, District Judge Louis L. Stanton dismissed Petitioner's claims against Judge Mennin based on judicial immunity and notified Petitioner that, before bringing a *habeas* petition challenging the constitutionality of his detention during his criminal proceedings, he must fully exhaust his state court remedies. *Fredericks*, ECF 1:20-CV-11043, 5 (Order to Amend filed January 29, 2021).

section 2254 but might be proper in a petition for a writ of *habeas corpus* under section 2241.[5] The Court informed Petitioner that, if he wished to proceed with a section 2241 petition:

> [Petitioner] must file an amended section 2241 petition in order to: (1) identify all of the grounds on which he seeks relief; and (2) plead facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. If Petitioner . . . does not file an amended section 2241 petition, the Court will dismiss this section 2254 petition without prejudice because Petitioner is not seeking relief from a state court judgment.

(ECF 6 at 5.)

As the Court notified Petitioner in the May 17, 2021 order to amend, a state pretrial detainee must exhaust available state court remedies before seeking *habeas corpus* relief under section 2241. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*.

Petitioner's amended petition neither clearly articulates the grounds on which he seeks relief nor pleads facts showing that he has fully exhausted his state court remedies. Petitioner does not provide any reason or explanation why Judge Mennin in the Supreme Court of the State of New York, New York County, lacks jurisdiction over the criminal charges against him. He also

---

[5] A state pretrial detainee may be able to challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012*); see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011)*, aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

does not specify what steps he took to appeal the denial of his motion to disqualify Judge Mennin.

Because the Court directed Petitioner to plead all of the grounds on which he seeks relief and to plead facts showing that he exhausted such claims in the state courts, and he failed to do so, the Court dismisses Petitioner's amended petition for a writ of *habeas corpus* under section 2241 without prejudice for failure to exhaust. This dismissal is without prejudice to Petitioner filing a petition for a writ of *habeas corpus* under section 2241 after fully exhausting his state court remedies, or filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging any eventual judgment, after presenting any federal law grounds for relief to the state court through one complete round of appellate review.

## CONCLUSION

The Court dismisses this amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 without prejudice for failure to exhaust. Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Clerk of Court is directed mail a copy of this order to the Petitioner and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   July 26, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge